**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


| | |
|---|---|
| BINDER SINGH CHEEMA, | No. 06-74904 |
| Petitioner, | Agency No. A077-013-428 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 28, 2009[**]

Before: SKOPIL, LEAVY and T.G. NELSON, Circuit Judges.

Binder Singh Cheema, a native and citizen of India, petitions for review of a final order by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) decision denying asylum, withholding of removal, and Convention Against Torture relief. We grant the petition and remand for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA erred by adopting the IJ's adverse credibility finding. Any conflict in Cheema's testimony regarding how long he was detained after his first arrest does not support an adverse credibility finding for three reasons: first, the impeachment evidence is from an airport interview, *see Li v. Ashcroft*, 378 F.3d. 959, 962-63 (9th Cir. 2004); second, the discrepancy does not enhance Cheema's claim of persecution, *see Singh v. Ashcroft*, 362 F.3d 1164, 1171 (9th Cir. 2004); and third, the IJ did not consider and address Cheema's explanation for the discrepancy, i.e., that he meant the tenth month of the year rather than a ten-month detention, *see Singh v. Gonzalez*, 439 F.3d 1100, 1105-06 (9th Cir. 2006). Further, the testimonial conflict regarding the date Cheema made a speech is a minor inconsistency that has no bearing on credibility. *See Quan v. Gonzales*, 428 F.3d 883, 887 (9th Cir. 2005). Finally, to what extent Cheema aided in the preparation of his mother's affidavit is relevant only to the probative value of the mother's affidavit and not to Cheema's credibility.

Accordingly, we grant the petition for review and remand for the BIA to reconsider Cheema's credibility and applications for relief. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir. 2009); *see also INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED** and **REMANDED**.